UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DAVID EDWARD PALMER II, | Case No. 25-CV-2289 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| HENNEPIN COUNTY COURT PROSECUTOR; WILLIAM H. KOCH, HENNEPIN COUNTY DISTRICT COURT JUDGE; ROY G. SPURBECK, STATE APPELLATE PUBLIC DEFENDANT, and CRAIG CASCARANO, | |
| Defendants. | |

---

In 2018, David Edward Palmer II was found guilty of three felonies. (ECF No. 4 ("R&R") at 1 (citing *State of Minnesota v. Palmer*, No. 27-CR-17-22612 (Minn. Dist. Ct.).) He brought this 42 U.S.C. Section 1983 lawsuit against four individuals involved in his prosecution: the judge, the prosecutor, and two defense attorneys. (ECF No. 1 at 1.)

In a June 5, 2025 Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommended dismissing the matter with prejudice. (R&R at 6.) As to the judge defendant, Judge Wright determined that (1) Palmer's claim was implausible and (2) the judge was protected by judicial immunity. (*Id.* at 3–4.) As to the prosecutor, Judge Wright concluded that the claims were "so factually deficient that it is

impossible to tell whether *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] or prosecutorial immunity might apply to those claims." (*Id.* at 5.) And as for the defense attorneys (1) "neither of the attorneys are state actors for purposes of 42 U.S.C. § 1983" and (2) non-habeas claims that question the validity of a conviction are generally precluded under *Heck*, 512 U.S. at 486-87. (*Id.* at 4–5.)

Palmer only objects to the Report and Recommendation's recommended dismissal of his claims against the judge. (ECF No. 7 at 3 ("Plaintiff respectfully objects to the Report and Recommendation and requests that this Court reject the application of judicial immunity at this stage.").) The Court will review that portion of the Report and Recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Palmer proceeds pro se, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Judicial immunity "is grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (citations omitted). "Allegations of malice or corruption do not defeat judicial immunity." *Id.*

The judicial act at issue here is the state court judge's issuance of "a warrant for Palmer's arrest on the grounds that Palmer had violated the conditions of electronic home monitoring." (R&R at 4.) That act is not protected by judicial immunity if (1) the act was

2

"not taken in the judge's judicial capacity" or (2) if, "though judicial in nature," it was "taken in the complete absence of all jurisdiction." *Hamilton*, 948 F.3d at 925.

Palmer has not sufficiently alleged that the first exception applies. If an individual violates the terms of his supervised release, Minnesota law allows a judge to revoke that supervised release. *E.g.*, *State ex rel. Duncan v. Roy*, 887 N.W.2d 271, 273 (Minn. 2016) (discussing Minn. Stat. § 244.05, subd.3(2)). Even if the judge committed "grave procedural errors"—which there is no evidence of—finding a violation of electronic home monitoring and then issuing a bench warrant was an act taken in the judge's judicial capacity. *See Hamilton*, 948 F.3d at 926

Nor has Palmer sufficiently alleged that the second exception applies. He has identified no statute or case law that prohibited the state court judge's actions. *Scheffler v. Trachy*, 821 F. App'x 648, 652 (8th Cir. 2020) (per curiam). And even if the judge's decision were "premised on an erroneous view of the law"—which, again, there is no evidence of—the judge "surely had jurisdiction to consider" revocation of supervised release. *Id.*

The Court has undertaken a de novo review on the question of judicial immunity and concludes that the analysis and conclusion in the Report and Recommendation is correct. In addition, the Court finds no clear error in the unobjected to conclusions of the Report and Recommendation. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Therefore, based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

3

1. Palmer's Objection (ECF No. 7) is OVERRULED;

2. The Report and Recommendation (ECF No. 4) is ACCEPTED;

3. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b);

4. The application to proceed in forma pauperis of plaintiff David Edward Palmer, II (ECF No. 2) be DENIED; and

5. Palmer be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Palmer is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 18, 2025                    BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge